IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
HATTIESBURG DIVISION

**RICHARD SIMONEAUX, # T7765**                                          **PLAINTIFF**

**VERSUS**                              **CIVIL ACTION NO. 2:13CV113-KS-MTP**

**CHRISTOPHER EPPS, RONALD KING,**
**HUBERT DAVIS, BRENDA SIMMS,**
**LATISHA JOHNSON, LAURA TILLEY, and**
**LATASHA CLAY**                                                        **DEFENDANTS**

## MEMORANDUM OPINION AND ORDER DISMISSING TILLEY AND CLAY

BEFORE THE COURT are *pro se* Plaintiff Richard Simoneaux's pleadings. He is incarcerated with the Mississippi Department of Corrections and challenges the conditions of his confinement. The Court has considered and liberally construed the pleadings. As set forth below, Defendants Laura Tilley and Latasha Clay are dismissed.

### BACKGROUND

On May 29, 2013, Simoneaux initiated this civil action. He is located at South Mississippi Correctional Institution, where Tilley and Clay both work in the Inmate Legal Assistance Program. He subsequently amended the Complaint to name them Defendants. As is relevant to them, he alleges that on or about June 28, he had attempted to file a Declaration and Pleading in Support of Statement of Claim. He gave it to Tilley and Clay to mail to the Court. For some reason, the pleading never made it, and Tilley and Clay had no record of mailing it. He then had to rewrite the Declaration [16], and it was filed with the Court on August 14. The Declaration is a supplement to the original Complaint.

### DISCUSSION

Simoneaux sues Tilley and Clay under 42 U.S.C. § 1983 and, construed liberally, under state law for failing to file the Declaration earlier.

The Prison Litigation Reform Act of 1996, applies to prisoners proceeding *in forma pauperis* in this Court. One of the provisions reads, "the court shall dismiss the case at any time if the court determines that . . . the action . . . –(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). The statute "accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." *Denton v. Hernandez*, 504 U.S. 25, 32 (1992). "[I]n an action proceeding under Section 1915(d), [a federal court] may consider, sua sponte, affirmative defenses that are apparent from the record even where they have not been addressed or raised." *Ali v. Higgs*, 892 F.2d 438, 440 (5th Cir. 1990). "Significantly, the court is authorized to test the proceeding for frivolousness or maliciousness even before service of process or before the filing of the answer." *Id.* The Court has permitted Simoneaux to proceed *in forma pauperis* in this action. His Complaint is subject to *sua sponte* dismissal under Section 1915.

Simoneaux alleges absolutely no damages from Tilley and Clay's alleged mishandling of his Declaration. He was not prevented from filing the pleading or prosecuting any of the claims because of this. For this reason, he does not state a claim for denial of access to the courts. *Christopher v. Harbury*, 536 U.S. 403, 413, 416 (2002). Likewise, damages are an essential element to a state law claim of negligence. *Duckworth v. Warren*, 10 So. 3d 433, 440 (¶23) (Miss. 2009). Therefore, he fails to state a claim upon which relief may be granted against either of these Defendants. He admits that he was able to file the pleading, and it is now before the Court. These two Defendants are therefore dismissed without prejudice, and this dismissal

counts as a strike pursuant to 28 U.S.C. § 1915(g).

**IT IS THEREFORE ORDERED AND ADJUDGED** that, for the reasons stated above, Defendants Laura Tilley and Latasha Clay should be and are hereby **DISMISSED WITHOUT PREJUDICE** for failure to state a claim against them upon which relief could be granted. This dismissal counts as a strike pursuant to 28 U.S.C. § 1915(g). The remainder of the case shall proceed.

**SO ORDERED**, this the 26th day of August, 2013.

*s/Keith Starrett*
UNITED STATES DISTRICT JUDGE